FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 30 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01372-BNB

ALEX OBANDO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director,
SUSAN JONES, CSP Warden,
MICHELLE NYCZ, DOC Committee Member,
THE STATE OF COLORADO, and
TOM CLEMENTS, DOC Executive Director,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Alex Obando, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Obando filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343; 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. § 1331, 2201, and 2202; and 18 U.S.C. § 3626. He asks for money damages and declaratory and injunctive relief.

Mr. Obando has paid the $350.00 filing fee. The Court must construe the complaint liberally because Mr. Obando is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Obando will be ordered to file an amended complaint.

Mr. Obando improperly asserts jurisdiction pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 3626. *Pro se* litigants may not recover an award of attorney's fees pursuant to § 1988. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlying § 1988 was not implemented to compensate *pro se* litigants. *Id.* Mr. Obando also may not pursue his asserted claims pursuant to § 3626. There is no private cause of action under § 3626. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting criminal statute does not provide for private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Mr. Obando also is suing an improper party. He may not sue the State of Colorado or its entities. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh

Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Obando asserts six claims concerning the conditions of his confinement. However, Mr. Obando fails to set forth a short and plain statement of his asserted claims showing he is entitled to relief. He contends his indefinite placement in administrative segregation exacerbates his mental illness in violation of his Eighth Amendment rights (claim one). He further contends he has been denied outdoor exercise and the minimum-required time and space for out-of-cell exercise in violation of his Eighth Amendment rights (claim two). He alleges his indefinite placement in administrative segregation simply on the basis of his membership in a security threat group (STG) violates his Fourteenth Amendment due process rights (claim three). He claims the defendants have failed to provide him with meaningful period reviews to determine whether his continued administrative segregation is necessary in violation of his Fourteenth Amendment due process rights (claim four). He maintains that his Fourteenth Amendment due process rights were violated by his placement in administrative segregation because he refused to sign a status review form after completing the core curriculum of the STG offender program (claim five). As his sixth and final claim, he alleges that the state statute authorizing a warden to restrict the

confinement of inmates with known past or current affiliations with any STG violates his due process rights (claim six).

Mr. Obando's claims fail to focus on how he has been injured and are filled with broad allegations concerning prisoners in general. The United States Constitution requires that a party seeking to invoke the jurisdiction of the federal courts must demonstrate that he has suffered some actual or threatened injury, that the injury was caused by the defendants, and that a favorable judicial decision is likely to redress the injury. **Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.**, 454 U.S. 464, 472 (1982); **Hackford v. Babbitt**, 14 F.3d 1457, 1464 (10th Cir. 1994). Because Mr. Obando, in his broad allegations concerning prisoners in general, fails to demonstrate any actual or threatened injury as a result of the conditions of his confinement, he lacks standing to assert claims concerning those conditions. See **Citizens Concerned for Separation of Church & State v. City & County of Denver**, 628 F.2d 1289, 1295-96 (10th Cir. 1980).

In addition, the complaint is unnecessarily verbose, and fails to make clear the jurisdictional basis for each claim. As a result, Mr. Obando's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed

to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Obando to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Obando must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Obando must allege, simply and concisely, his specific claims for relief. He must not set forth an extended

and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Obando will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Obando must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Obando also must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Obando must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for

constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Obando may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his constitutional rights. However, if Mr. Obando uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Obando, therefore, will be directed to file an amended complaint that contains a short and plain statement of the statutory grounds for the Court's jurisdiction, states his claims clearly and concisely and legibly, asserts which claims are asserted pursuant to which statute, alleges what constitutional rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Ronald Obando, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Obando, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Obando fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED June 30, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01372-BNB

Alex Obando
Prisoner No. 138932
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on June 30, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk