IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01372-CMA-KLM

ALEX OBANDO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, DOC Executive Director,
TOM CLEMENTS, DOC Executive Director,
SUSAN JONES, CSP Warden,
MICHELLE NYCZ, Classification Chairperson,
JAMES OLSON, Committee Chairperson,
DAN DENNIS, Committee Member, and
JOHN DOE, CSP Assistant Administrative Head,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Dismiss** [Docket No. 15; Filed November 21, 2011] (the "Motion"). The Motion is referred to this Court for recommendation [#16]. As explained below, the Court denies the Motion without prejudice, which is non-dispositive and appropriately issued as an Order. *See* 28 U.S.C. § 636(b)(1).

Defendants bring this Motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6). [#15] at 2-3. Defendants make several arguments, including that Plaintiff has failed to properly exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Id.* at 4. Defendants do not designate under which Rule their exhaustion argument arises. *See id.* In support of their assertion that Plaintiff failed to exhaust, Defendants include as

exhibits to their Motion an affidavit of Grievance Officer Tony DeCesaro, a copy of the Colorado Department of Corrections Administrative Regulation governing grievance procedures, copies of Plaintiff's grievances, and a copy of a grievance response signed by Officer DeCesaro.  See [#15-1].

"[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  "The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).  "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (citations omitted).

The affirmative defense of failure to exhaust administrative remedies is not a challenge to the Court's subject matter jurisdiction, and is therefore not subject to dismissal pursuant to Rule 12(b)(1).  *See Ayyad v. Gonzales*, No. 05-cv-02342-WYD-MJW, 2007 WL 324564, at *1 (D. Colo. Jan. 30, 2007) (citing *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), *rev'd on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).  Further, the exhaustion issue is not subject to dismissal as a pleading deficiency pursuant to Rule 12(b)(6), *Torres v. O'Neal*, No. 10-cv-00236-PAB-KLM, 2011 WL 782724, at *1 n.1 (D. Colo. Jan. 14, 2011), particularly where, as here, the Plaintiff indicated in his Amended Complaint that he exhausted available administrative remedies.[1]  *See* [#3] at 19.

---

[1] In application of *Jones*, the Tenth Circuit has noted that it must be clear from the face of the complaint that an inmate failed to exhaust available administrative remedies before the district

Thus, neither of the Rules cited by Defendants support their argument that Plaintiff failed to exhaust.  It is apparent (for these reasons, and by the inclusion of extra-record evidence by Defendants with their Motion) that Defendants should have filed a motion for summary judgment as to the exhaustion issue.[2]

Although the Court could convert the Motion to Dismiss to a motion for summary judgment for purposes of resolving Defendants' exhaustion argument, it declines to do so here in light of the inherent deficiencies in the Motion, and the delay such conversion would cause (in order to allow notice and additional briefing).[3]  *See Powell v. Wilner*, No. 06-cv-00545-WYD-MEH (KLM), 2009 WL 840756, at *7 n.1 (D. Colo. Mar. 20, 2009) (same).  No case management schedule has been entered in this matter.  The Court thus resets the deadline for Defendants to answer or otherwise respond to Plaintiff's Amended Complaint [#3], which is the operative pleading, to February 29, 2012.  The Court will set a Preliminary Scheduling/Status Conference, if necessary, after review of Defendants' answer or other response.  Accordingly,

IT IS HEREBY **ORDERED** that **Defendants' Motion to Dismiss** [Docket No. 15; Filed November 21, 2011] is **DENIED WITHOUT PREJUDICE**.

---

court may dismiss the claim for failure to exhaust.  *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

[2] It is not uncommon for defendants in Section 1983 actions asserting an exhaustion defense to file a combined motion to dismiss and motion for summary judgment.  *E.g., Omar v. Maketa*, No. 10-cv-02975-WYD-MEH, 2011 WL 4485955 (D. Colo. Aug. 3, 2011); *Jones v. Timme*, No. 10-cv-00482-WYD-KMT, 2010 WL 3547888 (D. Colo. Sept. 3, 2010).

[3] The Court may not consider documents or other evidence outside of Plaintiff's Amended Complaint in deciding Defendant's Motion filed under Rule 12(b)(6) without converting it to a Rule 56 motion for summary judgment.  *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001) *rev'd on other grounds.*

3

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiff's Amended Complaint [#3] on or before **February 29, 2012**.

IT IS FURTHER **ORDERED** that any dispositive motion filed by Defendants must comply with the applicable federal and local rules, including D.C.COLO.LCivR 56.1.

Dated: February 15, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge