IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01372-CMA-KLM

ALEX OBANDO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, DOC Executive Director,
TOM CLEMENTS, DOC Executive Director,
SUSAN JONES, CSP Warden,
MICHELLE NYCZ, Classification Chairperson,
JAMES OLSON, Committee Chairperson,
DAN DENNIS, Committee Member, and
JOHN DOE, CSP Assistant Administrative Head,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Amend Prisoner Complaint Pursuant to Fed. R. Civ. P. 15(a)(2)** [Docket No. 33; Filed February 23, 2012] (the "First Motion to Amend"); Plaintiff's **Motion for Leave to Add Defendant Pursuant to Fed. R. Civ. P. 20(a)(2)(A)** [Docket No. 34; Filed February 23, 2012] (the "Second Motion to Amend") (collectively, the "Motions to Amend"); and Defendants' **Motion to Dismiss or Motion for Summary Judgment** [Docket No. 36; Filed February 29, 2012] (the "Defendants' Motion"). Defendants did not file Responses to Plaintiff's Motions to Amend. A Scheduling Order has not yet been entered in this case. Accordingly, Plaintiff's Motions to Amend were timely filed.

    Plaintiff proceeds *pro se* in this matter. Both of his Motions to Amend seek the same

1

relief: adding Kevin L. Milyard ("Milyard"), Warden for Sterling Correctional Facility, as a Defendant in this matter.  In the First Motion to Amend, Plaintiff seeks leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2).   In the Second Motion to Amend, he seeks leave to add a defendant pursuant to Fed. R. Civ. P. 20(a)(2)(A).

The Court has discretion to grant a party leave to amend his pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend his complaint.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment."  *Id.* (quotation omitted).

Pursuant to Fed. R. Civ. P. 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence; and . . . any question of law or fact common to all defendants will arise in the action."

After carefully reviewing Plaintiff's Amended Prisoner Complaint [#3] and Proposed Second Amended Prisoner Complaint [#33-1], the Court agrees with Plaintiff that the

proposed amendment meets the requirements of Fed. R. Civ. P. 20(a)(2) by alleging conduct by Milyard in connection with the events underlying this lawsuit, i.e., the decisions made by various personnel to place and leave Plaintiff in administrative segregation. Plaintiff does not add any new claims against the Defendants already named in the Amended Prisoner Complaint [#3]. Thus, those Defendants will not be prejudiced by allowing the filing of the Second Amended Prisoner Complaint. Moreover, this case is still in its early stages, and Defendants have ample time to prepare their defenses.

The Court also finds that Plaintiff has demonstrated good cause for amending his Amended Prisoner Complaint [#3]. He states that he only "discovered that it was necessary to include Kevin L. Milyard as a defendant while preparing his response to [the] Motion to Dismiss," at which time he discovered that "Milyard was the individual that denied Plaintiff's Offender appeal." *Second Motion to Amend* [#34] at 2. Discovery of new facts constitutes good cause for timely amendment.

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the First Motion to Amend [#33] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Second Motion to Amend [#34] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#33-1] for filing as of the date of this Order. In addition, in light of this Order granting Plaintiff leave to file his Second Amended Prisoner Complaint, the Court finds that Defendants' Motion should be denied with leave to re-file in light of the current posture of the case. *See, e.g.*, *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-

BNB, 2012 WL 280498, at *2 (D. Colo. Jan. 31, 2012) (finding, in light of the filing of an amended complaint and other advancements in the case, that "rather than addressing this outdated Motion [for Summary Judgment], it would be a more efficient use of judicial resources to deny the Motion without prejudice").  Accordingly,

IT IS FURTHER **ORDERED** that the Defendants' Motion [#36] is **DENIED WITHOUT PREJUDICE**.[1]

IT IS FURTHER **ORDERED** that all Defendants other than Milyard shall answer or otherwise respond to Plaintiff's Second Amended Prisoner Complaint [#33-1] on or before **April 9, 2012**.

IT IS FURTHER **ORDERED** that, if appropriate, the Clerk of Court shall attempt to obtain a waiver of service from Defendant Milyard.  If unable to do so, the United States Marshall shall serve a copy of the Second Amended Prisoner Complaint, summons, and all other orders upon Defendant Milyard.  If appropriate, the Marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d).  All costs of service shall be advanced by the United States.

DATED: March 16, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[1] Because the Court denies the Defendants' Motion without prejudice, the outcome is non-dispositive and is appropriately issued as an Order.  See 28 U.S.C. § 636(b)(1).

4