IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01372-CMA-KLM

ALEX OBANDO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, DOC Executive Director,
TOM CLEMENTS, DOC Executive Director,
SUSAN JONES, CSP Warden,
MICHELLE NYCZ, Classification Chairperson,
JAMES OLSON, Committee Chairperson,
DAN DENNIS, Committee Member, and
JOHN DOE, CSP Assistant Administrative Head,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Doc. 50)** [Docket No. 57; Filed May 17, 2012] (the "Motion"). In the Motion, Defendants seek a Court order striking Plaintiff's Motion for Partial Summary Judgment [Docket No. 50; Filed April 30, 2012] (the "MPSJ") and an extension of time in which to respond to the MPSJ. They assert that Plaintiff's MPSJ fails to comply with Local Rule 56.1A., which requires "a statement of undisputed facts," and District Judge Christine M. Arguello's Civil Practice Standards § III.G.4., which states:

> All motions for summary judgment must contain a "Statement of Undisputed Material Facts." This Statement shall set forth in simple, declarative sentences, which are separately numbered and paragraphed, each material fact which the movant believes is not in dispute and which supports movant's claim that movant is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact must be accompanied by a specific reference to material in the record which establishes that fact.

    Upon review of the MPSJ filed by Plaintiff, who proceeds in this matter *pro se*, the Court finds that it substantially complies with both the Local Rule and the District Judge's

Civil Practice Standards.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that the filings of *pro se* litigants must be construed liberally).  The MPSJ contains a section titled "Undisputed Facts."  *See MPSJ* [#50] at 3.  Plaintiff has largely stated each fact in a "simple, declarative sentence" in a separate paragraph and cited supporting material for each assertion.  *See id.* at 3-5.  The only substantial deviation from the District Judge's Civil Practice Standards is that Plaintiff did not number each paragraph.  *See id.*  Although this is technically non-compliance, the Court is mindful of Plaintiff's status as a *pro se* litigant and finds that striking Plaintiff's MPSJ for failure to number paragraphs in the two pages of undisputed facts outlined in the MPSJ would not be in the interest of justice or expedient to the determination of this case.  *See, e.g.*, Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#57] is **GRANTED IN PART and DENIED IN PART**.  The Motion is **denied** to the extent it seeks to have Plaintiff's MPSJ stricken.  The Motion is **granted** to the extent that it seeks an extension of time to respond to Plaintiff's MPSJ.  Defendants shall respond to Plaintiff's MPSJ [#50] **no later than June 4, 2012**.

Dated:  May 21, 2012