IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01372-CMA-KLM

ALEX OBANDO,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, DOC Executive Director,
TOM CLEMENTS, DOC Executive Director,
SUSAN JONES, CSP Warden,
MICHELLE NYCZ, Classification Chairperson,
JAMES OLSON, Committee Chairperson,
DAN DENNIS, Committee Member, and
JOHN DOE, CSP Assistant Administrative Head,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave of Court to Conduct Discovery So He May Properly Reply to Defendants' Response** [Docket No. 64; Filed June 26, 2012] (the "Motion"). On April 30, 2012, Plaintiff filed a Motion for Partial Summary Judgment [#50]. Defendants filed a Response [#60] in opposition to the Motion for Partial Summary Judgment on June 4, 2012. At Plaintiff's request, the Court granted an extension of time through July 2, 2012 for Plaintiff to file a Reply. *See Minute Order* [#63]. Instead of filing a Reply, on June 26, 2012, Plaintiff filed the present Motion, seeking leave of Court to conduct discovery to properly support his Reply to Defendants' Response. *See Motion* [#64]. On July 17, 2012, Defendants filed a Response [#69] in opposition to the Motion. Plaintiff has not filed a Reply.

    In the Motion, Plaintiff seeks the following specific forms of discovery: (1) unspecified proof of the Offender Appeal form and Administrative Segregation Review forms along with the depositions of Defendant Kevin L. Milyard and Defendant Susan Jones to prove they were the respective Administrative Heads who signed the forms; (2) production of the version of Administrative Regulation ("AR") 600-07 that was in effect from November 1, 2010 to October 31, 2011; (3) production of IA 600-02 that was in effect from December 28, 2010 to January 1, 2012; (4) production of AR 600-02; and (5) production of AR 550-12.

In the Response, Defendants state that AR 600-07 and IA 600-02 have since been put on the record in this matter, thus mooting Plaintiff's request nos. 3 and 4.  *See Response* [#69] at 3; [#68-1, #68-2].  Examining the record, the Court finds that those documents sought by Plaintiff are now on the record, and therefore Plaintiff's request in connection with them is now moot.

With respect to request nos. 1, 2, and 5, Plaintiff's motion is premature.  A Scheduling Conference setting the parameters of discovery has not yet been held in this matter.  *See* Fed. R. Civ. P. 16(b)(3).  Further, Fed. R. Civ. P. 56(d) does not permit a movant to seek additional discovery after he files a motion for summary judgment.  Only the nonmovant is allowed to do so.  *See* Fed. R. Civ. P. 56(d) ("If a *nonmovant* shows . . . it cannot present facts essential to justify its opposition, the court may . . . allow time to take discovery . . . ." (emphasis added)).  In other words, because Plaintiff <u>chose</u> to file a motion for partial summary judgment, the law does not afford him the opportunity to conduct discovery to support it.  The Court will enter a deadline for filing dispositive motions at the schedule conference, which will be held in the future.  Plaintiff may file motions for summary judgment any time before that deadline, and he may conduct discovery to support summary judgment any time <u>between the date of the scheduling conference and the discovery deadline</u>.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#64] is **DENIED in part and DENIED AS MOOT in part**, as outlined above.

IT IS FURTHER **ORDERED** that Plaintiff may file a Reply to Defendants' Response to Plaintiff's Motion for Partial Summary Judgment **on or before September 6, 2012**.  **No further extensions of time shall be granted absent a showing of exceptional cause.**

Dated:  August 17, 2012